IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH WAYNE SANFORD,<br><br>               Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>               Respondent. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:19-CV-440-HCN<br><br>District Judge Howard C. Nielson Jr. |

    Petitioner, Joseph Wayne Sanford, filed a habeas-corpus petition. *See* U.S.C.S. § 2254 (2020). Petitioner is held at Utah State Prison but attacks a conviction and sentencing that took place in Hughes County, Oklahoma. (ECF No. 1.)

    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.S. § 1404(a) (2020).

    Considering that "petitioner bases his claims on conduct and procedures in which his criminal conviction was imposed, not the state in which he was incarcerated," the Court concludes that "transfer of venue is proper." *Skamfer v. Hudson*, No. 98-6386, 1999 U.S. App. LEXIS 2619, at *2-3 (10th Cir. Feb. 19, 1999) (unpublished); *see White v. Mont. State Prison*, No. CIV-17-978-C, 2017 U.S. Dist. LEXIS 171667, at *2-3 (W.D. Okla. Sept. 18, 2017) (R. & R.) (stating "under 'traditional venue considerations . . . most desirable forum for the adjudication of the claim' . . . is 'where all of the material events took place, [and where] the records and witnesses pertinent to petitioner's claim are likely to be found'" (alteration in

original) (quoting *Braden v. 30th Jud. Circ. Ct. of Ky.*, 410 U.S. 484, 493-94 (1973))), *adopted by* 2017 U.S. Dist. LEXIS 170630 (Sept. 18, 2017); *Kiger v. Morrison*, No. 07-3095-SAC, 2007 U.S. Dist. LEXIS 38746, at *2 (D. Kan. May 25, 2007) (stating transfer of action from Kansas to Nevada "is appropriate because petitioner's claims arise from a criminal judgment entered in Clark County, Nevada; the relevant records are located in Nevada; and if any formal proceedings are required in this case, the District of Nevada would be more convenient for witnesses"); *see also Thunder v. Weber*, No. CV 19-94-M-KLD, 2019 U.S. Dist. LEXIS 151425, at *4 (D. Mont. Sept. 5, 2019) ("The appropriate venue for a habeas corpus petition challenging a conviction or sentence is the district court for the district where the judgment was entered, given the accessibility of evidence, records, and witnesses."); *Palubicki v. Minnesota*, No. 1:16-CV-250-jgm-jmc, 2016 U.S. Dist. LEXIS 174779, at *15 (D. Vt. Dec. 19, 2016) (R. & R.) ("'[A] federal habeas corpus claim is better heard in the state where the petitioner was convicted.'" (quoting *Smart v. Goord*, 21 F. Supp. 2d 309, 318 (S.D.N.Y. 1998)), *adopted by* 2017 U.S. Dist. LEXIS 13877 (Jan. 25, 2017). "Under these circumstances, it is 'in the interest of justice' to transfer this matter to the Eastern District of Oklahoma." *White*, 2017 U.S. Dist. LEXIS 171667, at 3 (quoting 28 U.S.C.S. § 1404(a) (2020)). "It will be far more convenient for representatives of the [Oklahoma] respondents to have this action in [Oklahoma], and federal judges in [Oklahoma] are of course much more familiar with questions of [Oklahoma] state law." *Watson v. Figueroa*, No. CIV-08-341-D, 2008 U.S. Dist. LEXIS 118588, at *24 (W.D. Okla. Apr. 30, 2008) (R. & R.) (citing *Braden*, 410 U.S. at 499), *adopted by United States v. Burnheimer*, No. 1-09-CR-175-002, 2010 U.S. Dist. LEXIS 43882 (E.D. Tenn. Mar. 30, 2010).

**IT IS HEREBY ORDERED** that within thirty days Plaintiff must **SHOW CAUSE** why this petition should not be transferred to the United States District Court for the Eastern District of Oklahoma.

DATED this 18th day of June, 2020.

BY THE COURT:

_____
Judge Howard C. Nielson, Jr..
United States District Court